UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEURIG GREEN MOUNTAIN, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 17-cv-12133-IT |
| | * | |
| SHARKNINJA OPERATING LLC, | * | |
| RONALD DIFABIO, and | * | |
| STEPHEN TURNER, | * | |
| | * | |
| Defendants. | * | |

SECOND PRELIMINARY INJUNCTION

TALWANI, D.J.

     Before the court is Defendant SharkNinja Operating LLC's <u>Emergency Motion for Clarification</u> [#49], in which Defendant seeks clarification of the court's <u>Preliminary Injunction</u> [#29] issued on November 30, 2017. In that <u>Preliminary Injunction</u>, the court ordered the following regarding electronic copies of documents or materials obtained by Defendant Stephen Turner and/or Defendant Ronald DiFabio in the course of, or as a result of, his or their employment with Keurig (the "Electronically-Stored Information"):

     (1) Defendant Turner shall retain an outside computer forensic specialist who shall: (a) make a mirror copy of each of Turner's personal computers or iPads that contains any electronic copies of the Electronically-Stored Information; (b) make two electronic copies, including metadata, of each file containing the Electronically-Stored Information; and (c) permanently delete the Electronically-Stored Information from Turner's personal computers and iPads. During this litigation Turner's counsel shall retain, for attorney's eyes only, the mirror copy of Turner's personal computers or iPads and one of the sets of electronic copies of the Electronically-Stored Information. Turner, through counsel, shall promptly return to Keurig the other set of copies of the Electronically-Stored Information.

     (2) Defendant DiFabio shall retain an outside computer forensic specialist who shall: (a) make a mirror copy of each of DiFabio's personal computers or iPads that contains any electronic copies of the Electronically-Stored Information; (b) make two electronic copies, including metadata, of each file

containing the Electronically-Stored Information; and (c) permanently delete the Electronically-Stored Information from Turner's personal computers and iPads. During this litigation, DiFabio's counsel shall retain, for attorney's eyes only, the mirror copy of DiFabio's personal computers or iPads and one of the sets of electronic copies of the Electronically-Stored Information. DiFabio, through counsel, shall promptly return to Keurig the other set of copies of the Electronically-Stored Information. In the event that DiFabio is unable to find any organizational charts in his possession that he obtained in the course of or as a result of his employment with Keurig, DiFabio shall provide Keurig with an affidavit affirming as much.

(3) Defendant SharkNinja shall retain and preserve a full backup of its computer servers and of the hard drives assigned to each individual employed by SharkNinja who received or accessed any of the Electronically-Stored Information (the "identified individuals"), and shall produce to Keurig the names of identified individuals.

(4) Defendant SharkNinja shall retain an outside computer forensic specialist who shall: (a) make two electronic copies, including metadata, of each file containing the Electronically-Stored Information located on SharkNinja's server or the hard drives of the identified individuals; and (b) permanently delete the Electronically-Stored Information from SharkNinja's server and hard drives.

(5) During this litigation, SharkNinja's counsel shall retain, for attorney's eyes only, the backup described in paragraph (3) and one of the sets of electronic copies of the Electronically-Stored Information. SharkNinja, through counsel, shall promptly return to Keurig the other set of copies of the Electronically-Stored Information.

The court now FURTHER ORDERS:

A.   No one shall access the mirrored copies or backups or access SharkNinja's automatic backups created during any time that the Electronically-Stored Information was on SharkNinja's computers absent a court order permitting such access.

B.   By February 12, 2018, SharkNinja shall produce to Keurig the names of all identified individuals as set forth in paragraph (3) without excluding members of SharkNinja's legal counsel's office.

C.   By February 12, 2018, each Defendant's counsel shall separately produce to Keurig copies of all Electronically-Stored Information from that counsel's client's computers,

regardless of whether copies of that Electronically-Stored Information have already been produced in a combined production by Evidox or SharkNinja to Keurig.

D.     SharkNinja's counsel shall identify each individual with access to SharkNinja's automatic backups created during any time that the Electronically-Stored Information was on SharkNinja's computers, provide such individual a copy of this order, and obtain from each such individual a signed statement acknowledging that he or she is prohibited from accessing any such backup by this court's order.

E.     SharkNinja shall identify, via witness interviews of its employees and targeted searches of its computers, materials or documents in its possession that were copied or otherwise derived from the Electronically-Stored Information, and shall produce those materials or documents to Keurig on a rolling basis, to be completed no later than February 26, 2018.

IT IS SO ORDERED.

Date: February 12, 2018                                                    /s/ Indira Talwani
                                                                                       United States District Judge