UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEURIG GREEN MOUNTAIN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHARKNINJA OPERATING LLC,<br>RONALD DIFABIO, and<br>STEPHEN TURNER,<br><br>Defendants. | Civil Action No. 17-12133-IT |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND FURTHER ANSWERS TO INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, Plaintiff Keurig Green Mountain, Inc. ("Keurig") hereby moves for an order compelling SharkNinja Operating LLC ("SharkNinja") to provide further responses and documents responsive to certain requests for production of documents, as well as further answers to certain interrogatories. As grounds for this Motion, Keurig states as follows:

1. On October 31, 2017, Keurig filed this action as a result of SharkNinja's aggressive and improper raiding of Keurig's employees and Keurig's confidential information and trade secrets.

2. Specifically, Defendants admitted that former Keurig employee Ronald DiFabio had stolen certain Keurig documents and "migrated" them onto SharkNinja's electronic systems, and that those Keurig documents were circulated to no less than 46 SharkNinja employees.

3. Defendants' misconduct was uncovered only as a result of the filing of this action, multiple hearings regarding preliminary injunctive relief, and three Court Orders to Defendants

- 2 -

compelling SharkNinja, DiFabio and Stephen Turner to search for and return to Keurig its documents and information.

4. SharkNinja's attempt to cover up Defendants' misconduct has continued in discovery. Although SharkNinja admittedly has hired no less than 7 Keurig employees and solicited at least 11 more, and even though such conduct is specifically alleged by Keurig in its Verified Complaint, SharkNinja has refused to produce any documents or information regarding the soliciting or hiring of any Keurig employees other than DiFabio and Turner. Accordingly, Keurig requests that the Court compel SharkNinja to fully respond and produce information responsive to Document Request Nos. 1, 8, 9, 10, 17 and Interrogatory No. 6.

5. SharkNinja also has refused to produce all responsive documents concerning indemnification agreements it has entered into with DiFabio and/or Turner. Although it initially refused to produce joint defense agreements or indemnification agreements, SharkNinja recently agreed to produce those documents – but no others. In fact, SharkNinja even refuses to include allegedly-privileged communications on a privilege log, arguing that they are not discoverable in the first instance. Accordingly, Keurig requests that the Court compel SharkNinja to fully respond and produce information responsive to Document Request No. 20 and Interrogatory No. 20, and to include any such documents on a privilege log to the extent SharkNinja claims a privilege.

6. Further grounds for this motion are set forth in the accompanying Memorandum of Law and in the Declaration of Scott McConchie, filed herewith.

WHEREFORE, Keurig respectfully requests that this Court grant its Motion to Compel and require SharkNinja to provide the information and documents responsive to the discovery requests identified above (and to include all allegedly-privileged documents on its privilege log).

Respectfully submitted,

KEURIG GREEN MOUNTAIN, INC.,

By its attorneys,

*/s/ Scott McConchie*
Julie B. Brennan (BBO No. 564101)
Scott McConchie (BBO No. 634127)
Manchel & Brennan, P.C.
100 River Ridge Drive, Suite 308
Norwood, MA  02062
Telephone: (617) 796-8920
jbrennan@manchelbrennan.com
smcconchie@manchelbrennan.com

Dated: December 21, 2018

### Certificate of Compliance With Local Rule 37.1

As set forth in the Declaration filed herewith, the parties conferred in good faith in an attempt to resolve their discovery disputes.  Although the parties did resolve many issues, the parties were unable to resolve the issues set forth in the Motion to Compel.

*/s/ Scott McConchie*
Scott McConchie

### Certificate of Service

I, Scott McConchie, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 21, 2018.

*/s/ Scott McConchie*
Scott McConchie